UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ROBERT PARNELL HIGGINS,

        Defendant.
_____/

Criminal No. 96-cr-50032

Hon. Mark A. Goldsmith
United States District Judge

### OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION AND REDUCTION OF SENTENCE (DKT. 37)

Defendant Robert Parnell Higgins was indicted on June 7, 1996 (Dkt. 1), with superseding indictments being returned on April 8, 1998 and May 30, 2001 (Dkts. 4, 9). On May 31, 2001, the Government filed a notice of penalty enhancement due to Defendant's 1987 felony drug conviction for possession of cocaine in Genesee County Circuit Court (Dkt. 10).

On October 1, 2001, Defendant pled guilty to count one of the second superseding indictment — possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Under that guilty plea, Defendant agreed to a crack-cocaine quantity of 308.37 grams. See Def. Mot. at 2, 7 (Dkt. 37); Gov't Resp. at 2 (Dkt. 41). Judge Gadola subsequently sentenced Defendant to 240 months imprisonment and 10 years supervised release. Judgment (Dkt. 23). Defendant's sentence was reduced to 180 months approximately 2.5 years later, pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Gov't Resp. at 2.

Defendant has now filed a motion for modification and reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Def. Mot. at 3-7. He claims that a series of sentencing guideline amendments, as well as the Fair Sentencing Act of 2010 (FSA), should be retroactively applied

1

to him pursuant to the Sixth Circuit's decision in United States v. Blewett, 719 F.3d 482 (6th Cir. 2013). According to Defendant, after applying these changes, his new sentencing guideline range would be 51 to 63 months. Def. Mot. at 12. Therefore, Defendant asks this Court to re-calculate his sentence, order immediate release, and terminate supervised release given the years he already served. Id.

Defendant's argument is flawed in a number of respects. First, the Sixth Circuit's decision in Blewett upon which Defendant relies was vacated while an en banc panel considered the matter. On December 3, 2013, the en banc panel released its decision, holding that the FSA's "new mandatory minimums do not apply to defendants sentenced before it took effect." United States v. Blewett, -- F.3d --, 2013 WL 6231727, at *2 (6th Cir. Dec. 3, 2013). Therefore, Defendant is not entitled to any relief under the binding en banc decision in Blewett, because he was sentenced several years prior to the FSA's effective date.

Second, even if Defendant was correct and the FSA/Blewett decision applied to him, his sentence would not be subject to reduction. Defendant was sentenced to the statutory minimum — 240 months imprisonment — based on the quantity of cocaine base involved and his prior felony conviction. As relevant to Defendant's motion, the FSA increased the quantity of cocaine base necessary to support a 10-year minimum sentence (20-years with a single prior felony conviction) from 50 grams to 280 grams. See 21 U.S.C. 841(b)(1)(A)(iii) (10-year minimum, or 20 years with one prior conviction for a felony drug offense). Here, Defendant pled guilty to a cocaine-base quantity of 308.37 grams — beyond even the FSA's 280-gram threshold. See Def. Mot. at 2, 7. In other words, whether reviewed under the original statute or the statute as amended by the FSA, the quantity of cocaine base at issue exceeds the amount required to trigger

the statutory minimums. And given Defendant's past felony conviction, that minimum remains 20 years, i.e., 240 months.

Defendant devotes most of his briefing to the guideline range he believes should apply as a result of the Sentencing Commission's retroactive application of certain guideline amendments. Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if: (1) he or she "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) such reduction "is consistent with applicable policy statements issued by the Sentencing Commission." See United States v. Joiner, 727 F.3d 601, 604 (6th Cir. 2013). The Sixth Circuit has explained that, to satisfy the second requirement, "a guidelines amendment must have the effect of lowering the defendant's applicable guideline range." Id. (quotation marks and citation omitted). Assuming Defendant can establish the first factor — a point the Court need not decide — the Court finds that the guideline amendments do not have the effect of lowering Defendant's "applicable guideline range." See U.S.S.G. § 1B1.10 cmt. n.1(A)  (noting that whether section 3582(c)(2) applies depends on whether the amendment lowers the applicable guideline range, i.e., "the guideline range . . . determined before consideration of any departure provision . . . or any variance").

As the Government explains in its response, "[w]here a defendant is facing a mandatory minimum sentence, which exceeds the applicable sentencing guideline range, the mandatory minimum sentence becomes the applicable sentencing guideline range." See Gov't Resp. at 6 (citing United States v. Williams, 512 F. App'x 594, 601 (6th Cir. 2013) and United States v. McClain, 691 F.3d 774, 779-780 (6th Cir. 2012) ("The Sentencing Commission's policy statements explicitly provide that the mandatory minimum becomes a defendant's applicable

3

range.")); see also Joiner, 727 F.3d at 605 ("[A] statutory minimum that falls above a defendant's § 5A guideline range also becomes the defendant's 'applicable guideline range.'").

Here, the statutory minimum of 240 months exceeds the sentencing guideline range that Defendant claims applies. Therefore, even if Defendant is correct in his proposed guideline range, the statutory minimum — rather than the retroactive sentencing guideline amendments — continues to govern. See Joiner, 727 F.3d at 604-605, 609; McClain, 691 F.3d at 779-780. This point is made clear by an Application Note to section 1B1.10, which states that a sentence reduction under section 3582(c)(2) is not authorized — and "is not consistent with [the] policy statement" — if the guideline amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." See U.S.S.G. § 1B1.10 cmt. n.1(A). In other words, under the Sentencing Commission's policy statements, Defendant's "applicable guideline range" remains unaffected by the amendments given the higher statutory minimum. See id.

Accordingly, even under the FSA and the guideline amendments, Defendant's minimum sentence would remain 20 years, or 240 months, before any departures for substantial assistance. This is precisely the sentence imposed by Judge Gadola before the Rule 35 reduction. Defendant is, therefore, not entitled to the relief he seeks. See Joiner, 727 F.3d at 609 ("[I]n the case of a defendant who, based on his substantial assistance, receives a sentence below an otherwise applicable statutory minimum, it cannot be said that a subsequent amendment to the sentencing guidelines has had the effect of lowering the defendant's 'applicable guideline range' if he is still subject to that same statutory minimum.").

The Court denies Defendant's motion (Dkt. 37).

4

SO ORDERED.

Dated: April 22, 2014         s/Mark A. Goldsmith
      Flint, Michigan         MARK A. GOLDSMITH
                                                       United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2014.

                                                  s/Deborah J. Goltz
                                                  DEBORAH J. GOLTZ
                                                  Case Manager